IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


NANCY FLEMING,

       Plaintiff,

vs.                                No. CIV.  05-1257 BB/WDS

LISA WISDOM, in her individual capacity,
DAVID EISENBERG, in his individual capacity,
JOHN STAPLETON, in his individual capacity,
NORMAN OSBORNE, in his individual capacity,
REGINA SEWELL, n/k/a REGINA RYANCZAK,
in her individual capacity,
SUSANA MARTINEZ, in her individual capacity,
DENNIS SEITZ, in his individual capacity, and
KEVIN M. BROWN, in his individual capacity,

       Defendants.


**MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court on a motion to dismiss (Doc. 18) and a motion for

summary judgment (Doc. 38) filed by Defendant Brown.  Having considered the submission of

the parties and the applicable law, the Court will deny both motions.

      This case arises out of Plaintiff's employment with the New Mexico Public Defender's

office.  Plaintiff's employment was originally terminated due to alleged acts of insubordination,

but following an administrative hearing the state Personnel Board reduced the termination to a

thirty-day suspension.  Both sides have appealed the Personnel Board's decision to state district

court, where an on-the-record review will be performed; that case is still pending.  Plaintiff

maintains the discipline imposed was unjustified and was taken in retaliation for her exercise of

various constitutional rights.  She also claims her constitutional right to equal protection was violated because she was singled out for discipline even though similarly-situated employees were not disciplined at all for the exact same conduct, or for more egregious conduct of a different type.  Defendant Brown, an attorney in private practice who was allegedly not employed in any capacity by the Public Defender's office at the time in question, has moved to dismiss the case against him, and has separately filed a motion for summary judgment also seeking dismissal of the case.  Given the current status of the record, these motions raise different legal issues and will be addressed separately.

**Motion to Dismiss:**  Defendant Brown argues that he is entitled to qualified immunity from Plaintiff's claims, and the claims must therefore be dismissed insofar as they seek relief from him.  In response, Plaintiff argues that Brown, as a private attorney and not a government employee, is not eligible to raise a qualified-immunity defense in this case.  The parties both recognize the general rule that a private individual may not claim qualified immunity, even if his actions might be considered action under color of state law for purposes of liability under 42 U.S.C. § 1983.  *See Cooper v. Parrish*, 203 F.3d 937, 952 (6th Cir. 2000).  Brown, however, contends that an exception to this rule applies in this case, allowing him to assert the defense.  This exception is based on a statement in *Richardson v. McKnight*, 521 U.S. 399, 407 (1997), which implied that some type of immunity might be available to lawyers who perform services "at the behest of the sovereign."  *See Cooper.*  Brown argues that, where the purposes of the qualified immunity doctrine will be served by granting an opportunity to raise the defense, a private individual should be given that opportunity.  *See Rosewood Servs., Inc. v. Sunflower Diversified Servs., Inc.*, 413 F.3d 1163, 1166-68 (10th Cir. 2005) (analyzing question of whether

2

private non-profit organization could claim qualified immunity by examining public policy considerations).  Under the facts pled in Plaintiff's complaint, the Court does not agree that Brown has established he is eligible to raise a qualified-immunity defense.

In considering a motion to dismiss, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party.  *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  The allegations raised against Brown in the First Amended Complaint[1] are essentially that he volunteered his time and efforts, before he was retained in any formal way by Defendants, to assist the other Defendants in planning ways to terminate Plaintiff's employment. [*See, e.g.,* Doc. 4, paragraphs 11, 61-63, 90, 125]  Accepting those allegations as true, as the Court must, it appears Brown's conduct is exactly the same as the conduct of the attorney in the Sixth Circuit case of  *Cooper v. Parrish*, cited above.  In *Cooper* a private attorney volunteered his time, without compensation, to assist prosecutors in pursuing legal action against several nightclubs offering nude dancing.  The Sixth Circuit held that there was insufficient evidence the private attorney was acting "at the behest of the state."  203 F.3d at 952.  In addition, the Sixth Circuit stated, "...we believe that extending qualified immunity to a private attorney who works alongside prosecutors in an unofficial capacity would be inconsistent with the goals and objectives that underlie the qualified immunity doctrine." *Id.* at 953.  For both reasons, the Sixth Circuit held the private attorney was not eligible to assert a qualified immunity defense.  *Compare Cullinan v. Abramson*, 128 F.3d 301, 310 (6th Cir. 1997)

---

[1]The Court recognizes that Plaintiff has been required to file a new, much abbreviated amended complaint.  For purposes of this motion, however, the Court examines the allegations contained in the complaint that Brown answered and upon which his motion to dismiss is based.

3

(where outside counsel was retained to defend city in lawsuit, outside counsel acted at behest of the sovereign and as the city's agent, and was entitled to raise defense of qualified immunity).

The distinction made in the Sixth Circuit, between attorneys who have been formally retained by a government entity (*Cullinan*) and attorneys who have volunteered their efforts to assist in an unofficial capacity (*Cooper*) comports with the general Tenth Circuit law on the subject. In *Warner v. Grand County*, 57 F.3d 962, 965-66 (10th Cir. 1995), the Tenth Circuit followed the reasoning of two other circuits, which had distinguished between private defendants who were fulfilling duties under a government contract or court order, and private defendants who invoked state law in pursuit of private ends. The former group would be entitled to claim qualified immunity, while the latter would not. *See id.*[2] Viewing the allegations of the complaint in the light most favorable to Plaintiff for purposes of this motion, it appears that Brown's voluntary participation in the conspiracy to terminate Plaintiff's employment was not pursuant to any contract with the government or any court order, and therefore was not at the "behest" of the state.[3] *Cf. Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1180 (10th Cir. 2003) (medical personnel did not violate Fourth Amendment when acting at direction of police).

---

[2]The Court recognizes that *Warner* predates the Supreme Court's opinion in *Richardson v. McKnight, supra*, and that the Tenth Circuit might not employ the same analysis if confronted with a similar case today. However, *Richardson* if anything has made it more difficult for private parties to be eligible for the qualified-immunity defense; since the Court is ruling in Plaintiff's favor on this issue, it is unnecessary at this time to decide whether the *Warner* approach remains valid.

[3]It is possible, of course, that further factual development will reveal that Brown actually was acting pursuant to a contract with the state. If that were to occur, this opinion's categorical exclusion of Brown from eligibility for qualified immunity would no longer apply. Again, however, at this point the Court must accept the allegations of the complaint as true, and Plaintiff specifically alleges that the only contract Brown had with the sovereign was to represent the state after litigation had commenced. [Doc. 4, par. 11]

Furthermore, the policy purposes underlying the qualified-immunity doctrine are not served by extending eligibility for the defense to private attorneys who, acting unofficially, volunteer their time to assist government officials in finding ways to terminate the employment of public employees. *See Cooper, supra; compare Warner* (female private citizen acted at request of law enforcement officer to perform uniquely government function, strip search of female arrestee; even without formal contract with the government, citizen was eligible to raise qualified-immunity defense). For these reasons, Brown is not at this time entitled to raise the defense of qualified immunity. Due to this holding, the Court need not address the other issues raised by the parties, such as the clearly-established-law argument discussed in the briefs.

**Motion for Summary Judgment:** Brown argues that he is entitled to summary judgment as a matter of law on Plaintiff's equal-protection class-of-one claim. Plaintiff's claim is based on the relatively recent Supreme Court case of *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000). In *Olech*, the Supreme Court recognized the possibility of a class-of-one claim for violation of equal protection, where a person has been "intentionally treated differently from others similarly situated and ... there is no rational basis for the difference in treatment." *Id.* at 564. Brown's argument in favor of his motion for summary judgment proceeds as follows: (1) if there is a rational basis for the government entity's action, there can be no class-of-one claim; (2) in the administrative proceedings concerning Plaintiff's termination, the Personnel Board determined that Plaintiff had committed acts of insubordination serious enough to justify suspension, although not so serious as to support the termination of her employment; (3) this administrative decision is entitled to preclusive effect, and as a matter of law requires a finding that Plaintiff was insubordinate in several ways; and (4) therefore, as a matter of law, there was a

5

rational basis for imposing discipline on Plaintiff, and Plaintiff's class-of-one claim must be dismissed.

In response to Brown's motion, Plaintiff points out that she was prohibited from raising the issue of disparate treatment, which forms the basis of her class-of-one claim, during the administrative proceedings.  Therefore, she argues, the disparate-treatment issue was neither litigated nor decided during those proceedings, and any decision made during those proceedings can have no preclusive effect in this lawsuit.  *See Salguero v. City of Clovis*, 366 F.3d 1168, 1173 (10th Cir. 2004) (decision of administrative agency can have preclusive effect if an issue was actually litigated and necessarily decided during those proceedings).  She also contends she did not have a full and fair opportunity to litigate her case during the administrative process, due to the bias of the hearing officer.  *See id.* (party must have adequate opportunity to litigate the administrative matter before decision can be given preclusive effect).  Brown's reply to these arguments, while conceding that "the issue of disparate treatment was not actually litigated or necessarily decided" during the administrative proceeding, contends this does not matter. According to Brown, the only thing that matters is that the findings of the Personnel Board establish there was just cause to discipline Plaintiff for her actions; giving preclusive effect to this determination of just cause means that, as a matter of law, Defendants had a rational basis for imposing discipline upon Plaintiff, which in turn means Plaintiff's class-of-one claim fails.

Brown's effort to apply the collateral-estoppel doctrine to this case raises several potentially difficult issues.  Initially, the question of whether the hearing officer was biased is a fact-intensive issue which cannot be decided at this stage of the pleadings. Moreover, as noted above, the administrative decision has been appealed by both parties and that appeal remains

pending in state court.  While it is true that a decision may be considered final for issue-preclusion

purposes even if an appeal of that decision has not yet been resolved, this situation gives rise to a

risk of inconsistent results.  *See* 18A Wright, Miller, and Cooper, *Federal Practice and*

*Procedure*, § 4433, p. 88 (2d Ed. 2002) (final trial-court judgment has preclusive effect even

though an appeal is pending, but major problem can arise if that judgment is later reversed);

*Restatement (Second) of Judgments* § 13, comments f and g (judgment may be final for purposes

of res judicata or issue preclusion despite pendency of appeal, but this may result in inconsistent

judgments).[4]

Fortunately, it is unnecessary to address the above questions at this time, because even if

the Court were to give preclusive effect to the Personnel Board's just-cause determination, that

determination alone is not sufficient to mandate dismissal of Plaintiff's class-of-one claim.

Assuming, for purposes of this opinion only, that the Personnel Board's decision means Plaintiff

committed acts of insubordination and there was a rational basis for Defendants to impose some

type of discipline upon her, that is not dispositive of Plaintiff's class-of-one claim.  In a class-of-

one claim, the crucial issue is not whether there was a rational basis for the government entity to

take the specific action that it did; instead, the crucial issue is whether there was a rational basis

for the entity to treat the plaintiff differently than it treated the other similarly-situated individuals

against whom the plaintiff is being compared.  In other words, the rational-basis analysis is not

focused on what the government did, but on how and why the plaintiff was treated differently

---

[4]That risk is admittedly not as great in this case, where the decision sought to be given
preclusive effect is a factual determination, the appeal of the administrative decision is a whole-
record review rather than a trial de novo, and the court considering the appeal will not be allowed
to re-weigh the evidence or reach its own conclusions concerning credibility of witnesses.

from those who were similarly situated.  *See, e.g., Olech, supra*, 528 U.S. at   564 (class-of-one

claim may lie where the plaintiff alleges "that she has been intentionally treated differently from

others similarly situated and that *there is no rational basis for the difference in treatment*."

(emphasis added); *see also Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1210

(10th Cir. 2006) (one crucial question for purposes of class-of-one claim was whether there were

grounds that were not irrational and wholly arbitrary for county's decision to reassess one ranch

"*without similarly reassessing other properties*") (emphasis added).  In the *Jicarilla Apache* case,

for example, it would have been a simple matter to think of a rational basis for a decision to

reassess a ranch for tax purposes.  The issue to be resolved for purposes of the class-of-one

analysis in that case, however, was whether there was a rational basis to reassess only the

plaintiff's ranch while refraining from taking similar action with respect to the other ranches in the

county.

    Applied to this case, the above analysis means it is not enough to show that Defendants

had a rational reason to impose some type of discipline upon Plaintiff.  Instead, Brown must

establish that Defendants had a rational basis for treating Plaintiff in a very different, and much

more harsh, manner than employees who were similarly situated.  Plaintiff has alleged that

employees who took the exact same actions as she did, or committed much more serious

infractions, received either no discipline at all or much lighter discipline than she did.  At this stage

of the proceedings, there is no evidence to contradict these allegations, and Plaintiff has therefore

sufficiently stated a class-of-one claim.[5]  This is so even if the Court were to hold that the

--------

[5]The Court recognizes that a plaintiff in a class-of-one case bears a heavy burden of
showing that the "similarly situated" individuals are indeed similar in all respects to the plaintiff.
*See Jicarilla Apache Nation, supra*, 440 F.3d at 1212 (plaintiffs in class-of-one case must

Personnel Board's decision conclusively established that Defendants had a rational reason to impose some level of discipline upon Plaintiff.  Given this legal foundation, the Court need not decide at this early stage whether the Personnel Board's decision should be given preclusive effect and, if so, what the impact of that decision would be on this case.  Instead, the Court will simply deny Brown's motion for summary judgment insofar as it is based on the collateral-estoppel argument raised in his briefs.

   **Claims as to which Brown is a Defendant:**  The Court notes there was some disagreement in the briefs as to which of Plaintiff's claims include Brown as a Defendant.  Brown believes he must defend only the class-of-one equal protection claim, as is evident from his motions--both were directed only at the class-of-one claim, and both requested dismissal of the entire case as to him.  A review of the original pleadings indicates this is not correct, although Brown's confusion is understandable given the length, repetitiveness, and obscure nature of Plaintiff's first amended complaint.  It does appear, however, that Plaintiff has sufficiently alleged that Brown participated in a conspiracy to deprive her of several constitutional rights, including her First Amendment rights of free speech and access to the courts, rather than simply her right to equal protection.  [*See, e.g.,* Doc. 4, par. 125-129]  At this time, therefore, Brown is  a Defendant for purposes of all the constitutional claims raised by Plaintiff.

   **Conclusion:**  Based on the foregoing, Brown's motion to dismiss and motion for summary judgment will be denied, without prejudice to his right to renew those motions following further factual development in this case.

---

"demonstrate similarity in all material respects" to meet requirements of such a claim).  Plaintiff has alleged that such similarity exists in this case, and this allegation must be accepted as true.

## ORDER

Based on the foregoing Memorandum Opinion, it is hereby ORDERED that the motion to dismiss and the motion for summary judgment filed by Defendant Brown (Docs. 18, 38) be, and hereby are, DENIED.

DATED this 5th day of December, 2006.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE

**Attorneys:**

**For Plaintiff:**
James E. Bierly

**For Defendant Brown:**
Briggs F. Cheney

**For Defendant Martinez:**
Leonard Piazza

**For All Other Defendants:**
Paula G. Maynes